UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON HERNALDO MEJIA-LOPEZ<br><br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>Respondent. | No. 1:15-cr-00244-DAD-BAM<br><br>ORDER DENYING MOTION TO VACATE, CORRECT, OR SET ASIDE SENTENCE<br><br>(Doc. No. 26) |

Movant Marlon Hernaldo Mejia-Lopez is a federal prisoner proceeding pro se pursuant to 28 U.S.C. § 2255 with a motion to vacate, set aside, or correct his prison sentence. (Doc. No. 26.)

**FACTUAL BACKGROUND**

Movant is a citizen of Mexico. (Doc. No. 22 at 2.) On April 18, 2016, movant entered a plea of guilty before this court to one count of violating 8 U.S.C. § 1326(a) and (b)(2), for being a deported alien found in the United States without having obtained permission to re-enter. (Doc. No. 20.) Pursuant to that guilty plea, this court sentenced movant to a term of forty-six months in the custody of the United States Bureau of Prisons with that term to run consecutive to any undischarged term of imprisonment. (Doc. No. 25 at 2.)

On September 27, 2016, movant filed the motion for relief under § 2255 now pending before the court. (Doc. No. 26.)

/////

1

**ANALYSIS**

In his hand written submission, movant requests that his sentence be reduced to account for fifteen months he previously spent in custody. (Doc. No. 26 at 1.) Movant contends that he was granted such credit on his sentence imposed earlier in state court but not with respect to his later federal sentence which was imposed to run consecutive to any undischarged term of imprisonment.

"Federal courts are always under an independent obligation to examine their own jurisdiction, . . . and a federal court may not entertain an action over which it has no jurisdiction." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (citations omitted); *see generally* Fed. R. Civ. P. 12(h)(3). To determine whether it has jurisdiction over an application for relief brought by a federal prisoner, the court must first determine whether the request for relief is properly brought pursuant to 28 U.S.C. § 2241 or § 2255. *See Canterbury v. United States*, No. CV 13–07216 JFW (AN), 2014 WL 117097, at *2 (C.D. Cal. Jan. 10, 2014); *see also Hernandez*, 204 F.3d at 865.

Under 28 U.S.C. § 2255, a federal prisoner can challenge his federal conviction or federal sentence by filing a motion with the sentencing court. *See* 28 U.S.C. § 2255. However, a prisoner challenging the manner of the execution of his sentence must generally proceed under 28 U.S.C. § 2241 in the district of his confinement. *See Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008); *Hernandez*, 204 F.3d at 864. For example, a prisoner who contends that he was entitled to a downward departure under federal sentencing guidelines, challenges the legality of his current sentence. *See Canterbury*, 2014 WL 117097, at *2. Such a request is properly filed under § 2255 in the sentencing court. *Hernandez*, 204 F.3d at 864. However, a prisoner who contests the denial of time served credits challenges the execution of his sentence rather than the sentence itself. *See United States v. Wilson*, 503 U.S. 329, 333–34 (1992); *United States v. Checchini*, 967 F.2d 348, 349 (9th Cir. 1992); *United States v. Bedenfield*, No. CR S–05–125 MCE GGH, 2010 WL 744776, at *1 (E.D. Cal. Mar. 3, 2010). This is because the district court lacks authority at the time of sentencing to award credit for time served, since the prerogative to grant credits in the first instance rests with the Attorney General, acting through the Bureau of

Prisons ("BOP"). *See Wilson*, 503 U.S. at 334 ("[W]e conclude that § 3585(b) does not authorize a district court to compute the credit at sentencing."); *United States v. Peters*, 470 F.3d 907, 909 (9th Cir. 2006) ("The district court lacked authority under 18 U.S.C. § 3585(b) to grant Peters credit for the time he had served after his arrest."); 18 U.S.C. § 3585(b). Thus, a request for the award of credits for time served can be presented by a federal prisoner only by way of a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241. *See Tucker v. Carlson*, 925 F.2d 330, 331–32 (9th Cir. 1991); *United States v. Espinoza,* 866 F.2d 1067, 1071 (9th Cir.1988) ("A claim . . . for credit against a federal sentence for time spent in custody prior to sentencing cannot be raised under 28 U.S.C. § 2255."); *Canterbury*, 2014 WL 117097, at *2.

Here, movant requests that this court "correct the 46 mos. Term of commitment to reflect to proper jail-time accreditations of 15 mos." (Doc. No. 26 at 1.) Though characterized as a motion brought under § 2255, the court may construe the filing as a petition under § 2241 seeking an order requiring the BOP to award movant custody credits pursuant to 18 U.S.C. § 3585(b).[1] *See Ceja-Licea v. United States*, Nos. 11cv2973 BEN, 11cr1961 BEN, 2012 WL 10688, at *1 (S.D. Cal. Jan. 3, 2012) (construing a motion filed under 28 U.S.C. § 2255 as a petition for relief under § 2241); *see also Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (noting a court's "duty to construe pro se pleadings liberally"). The motion before the court also indicates that, at least as of the time of its filing, movant was incarcerated at Wasco State Prison in Wasco, California, which is within the territorial jurisdiction of the Eastern District. *See* 28 U.S.C. § 84.[2] As such, this court would be the appropriate venue for movant's application for relief, construed

---

[1] Title 18 U.S.C. § 3585(b) provides that a defendant "shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." The court expresses no opinion as to whether a plain reading of this language prohibits the award of the time credits which movant seeks with respect to his federal sentence.

[2] In the event movant is no longer incarcerated within the boundaries of this district, any habeas petition he may elect to file in the future pursuant to § 2241 should be filed in the U.S. District Court for the district in which he is incarcerated. *See Harrison*, 519 F.3d at 956; *Hernandez*, 204 F.3d at 864.

3

as a habeas petition. *See* 28 U.S.C. § 2241(d).

However, a prisoner must exhaust his federal administrative remedies prior to filing a habeas corpus petition under 28 U.S.C. § 2241. *See Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986); *see also Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004). This exhaustion requirement is prudential rather than jurisdictional, and is thus subject to waiver. *See Brown v. Rison*, 895 F.2d 533, 535 (9th Cir.1990), *overruled on other grounds by Reno v. Koray*, 515 U.S. 50, 54–55 (1995); *see also Craig v. Norwood*, No. ED CV 07-1126-VBF (PJW), 2008 WL 2178596, at *1–2 (C.D. Cal. Feb. 11, 2008). Specifically, "[e]xhaustion of administrative remedies is not required where the remedies are inadequate, inefficacious, or futile, where pursuit of them would irreparably injure the plaintiff, or where the administrative proceedings themselves are void." *United Farm Workers of America v. Ariz. Agr. Emp. Rel. Bd.*, 669 F.2d 1249, 1253 (9th Cir. 1982) (citation omitted); (explaining that the exhaustion requirement in § 2241 cases prudential rather than jurisdictional, and is thus subject to waiver). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011).

Here, it appears from the face of his motion that movant has failed to pursue his administrative remedies with respect to his claim that he is entitled to the award of custody credits on his federal sentence for time previously served. (Doc. No. 26.) Moreover, he has not alleged that any recognized exception to the exhaustion requirement applies in his case. (*Id.*) Movant has therefore failed to satisfy the exhaustion requirement and cannot maintain an action under 28 U.S.C. § 2241 at this time. Accordingly, his motion will be denied. *See Martinez*, 804 F.2d at 571 (9th Cir 1986).

## CONCLUSION

Given the foregoing, the motion to vacate, set aside, or correct his sentence (Doc. No. 26) is denied, and this action is dismissed. The dismissal is without prejudice to movant filing a habeas corpus petition pursuant to § 2241 after exhausting his administrative remedies made

/////

available to him by the Bureau of Prisons or making a showing that the exhaustion requirement should be waived in his case.

IT IS SO ORDERED.

Dated: **July 26, 2017**

*/s/ Dale A. Drozd*
UNITED STATES DISTRICT JUDGE